# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :

KENSINGTON INTERNATIONAL LIMITED,    :   Index No. 03/602569

                Plaintiff,    :

                                :

        -against-        :   <u>AFFIDAVIT OF</u>
                                :   <u>JEAN-MARC BUISSON</u>

BNP PARIBAS,                   :

                                :

                Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        I, JEAN-MARC BUISSON, make oath and say as follows :

    1.     I have been working as in-house counsel within the Legal Affairs Department

(*Affaires Juridiques Groupe*) of BNP Paribas (hereafter "<u>BNPP</u>") for six years.

    2.     The Legal Affairs Department counts among its functions the receipt of legal

documents delivered by Bailiffs to the headquarters of BNPP.  Such legal documents include,

notably, statements of seizure carried out by the creditors of certain clients of BNPP for the

purpose of seizing client sums or credits of which BNPP is an agent.

    3.     In this regard, BNPP received an order dated September 25, 2003 from Ms.

Paupert Lievin, a Bailiff in Paris, providing for an executory attachment on bank accounts, a

seizure of partner's rights and transferable securities and a seizure of safety-deposit boxes

against the Republic of Congo Brazzaville and its related entities, notably the *Société*

*Nationale des Pétroles du Congo* ("<u>SNPC</u>"), at the request of the company Kensington

International Limited ("<u>Kensington</u>").  Copies of these records are attached hereto as <u>Annex</u>

<u>A</u>.

    4.     These various seizures were aimed at obtaining the enforcement, in France, of

a judgment rendered in favor of Kensington on December 20, 2002 by the High Court of

Justice (Queen's Bench Division Commercial Court) of London; Kensington sought to obtain

payment of this judgment by executing on the French assets belonging to the Congo, if any, held by BNPP.  To this end, Kensington undertook an exequatur procedure before the Paris Court (*Tribunal de Grande Instance)* and obtained on May 13, 2003 a decision rendering the London judgment legally binding throughout all French territory.  A copy of the judgment of the High Court of Justice in London is attached hereto as Annex B; a copy of the judgment of the Paris Court (*Tribunal de Grande Instance de Paris)* is attached hereto as Annex C.

5.     On the same day (September 25, 2003) that the above-mentioned seizure order was received by our office, my colleague Ms. Marie-Aude Regnault presented a letter to the Bailiff appointed by Kensington which detailed (i) the balance of the account opened by SNPC and the Congo in BNPP's books, and (ii) a list of seizures already effected with BNPP with respect to these two entities.  A copy of this letter is attached hereto as Annex D.

6.     By letter dated September 30, 2003, Ms. Paupert Lievin requested additional information from BNPP concerning, in particular, a pledge over a bank account granted by SNPC to BNPP on October 14, 1999.  BNPP responded to Kensington's Baillif's request that same day (September 30, 2003) with a letter enclosing a copy of the requested pledge agreement.  Copies of these letters are attached hereto as Annex E.

7. Finally, on October 27, 2003, Jean-Marc Delleci and I sent additional information to the Bailiff appointed by Kensington, providing precise and detailed information on the subject of each of the seizures and, in particular, on the operations of credit put in place between BNPP and SNPC (in particular the Prepayment Agreements No. 7 and No. 8).  A copy of this letter, dated October 27, 2003, is attached hereto as Annex F.  By way of supporting information, this letter contained the following annexes: (i) the General Conditions of Oil Export Prepayments and their successive amendments; (ii) the Prepayment Agreement dated June 27, 2002 (known as Prepayment Agreement No. 7); (iii) the amendment thereto, dated September 2, 2002; (iv) the Letter of Credit (of an amount of USD

70,000,000) issued on July 5, 2002; (v) the Pledge Agreement relating to such Letter of

Credit; (vi) the Prepayment Agreement dated September 2, 2002 (known as Prepayment

Agreement No. 8); (vii) the Oil Cover Option Agreement dated September 9, 2002; (viii) the

Pledge Agreement relating to the Option; (ix) the Cash Collateral Agreement dated

September 2, 2002; and (x) the Pledge Agreement on the SNPC bank account balance dated

October 14, 1999.


_____

Jean-Marc Buisson



Translator's Certification:

I, Denise A. Diallo, certify that the foregoing translation is true and accurate. I am a fluent
speaker of English and French, I hold law degrees from both Columbia Law School and the
Université de Paris I (Panthéon-Sorbonne), and I am an attorney practicing at the law firm
White & Case, LLP.

Dated: March 25, 2004

_____
Denise A. Diallo

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KENSINGTON INTERNATIONAL LIMITED,                   :          Index No. 03/602569

                   Plaintiff,                           :

      -against-                                    :          AFFIDAVIT OF
                                                   :          JEAN-MARC BUISSON

BNP PARIBAS,                                         :

                   Defendant.                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Je soussigné, JEAN-MARC BUISSON, certifie sur l'honneur l'exactitude des faits suivants :

1.      J'occupe les fonctions de juriste au sein du Département des Affaires Juridiques Groupe de BNP Paribas (ci-après "BNPP") depuis six ans.

2.      Le Département des Affaires Juridiques Groupe compte parmi ses attributions la réception des actes délivrés par des Huissiers de Justice au siège social de BNPP. Parmi ces actes figurent notamment les procès-verbaux de saisies pratiquées par les créanciers de certains clients de BNPP aux fins d'appréhender les sommes ou avoirs dont BNPP pourrait se trouver dépositaire.

3.      C'est dans ce cadre que BNPP s'est vu adressée, par acte du 25 septembre 2003 dressé par Maître Paupert Lievin, Huissier de Justice à Paris, une saisie-attribution sur comptes bancaires, une saisie de droits d'associé et de valeurs mobilières et une saisie de coffre-fort à l'encontre de la République du Congo Brazzaville et ses émanations, notamment la Société Nationale du Pétrole du Congo ("SNPC"), à la requête de la société Kensington International Limited ("Kensington"). Une copie de ces actes figure en Annexe A à la présente.

22/03/2004 17:59 (2K)
PARIS 368456 v3 [368456_3.DOC]

4. Ces différentes saisies visaient à obtenir l'exécution forcée, en France, d'un jugement rendu en faveur de Kensington le 20 décembre 2002 par la *High Court of Justice (Queen's Bench Division Commercial Court)* de Londres ; il s'agissait en effet pour Kensington, d'obtenir paiement de la créance qui lui était reconnue par le jugement en question sur les avoirs français de la République du Congo le cas échéant déposés auprès de BNPP. A cette fin, Kensington a engagé une procédure d'exequatur devant le Tribunal de Grande Instance de Paris et a obtenu, le 13 mai 2003, une ordonnance rendant exécutoire le jugement londonien susmentionné sur l'ensemble du territoire français. La copie du jugement de la *High Court of Justice* de Londres figure en <u>Annexe B</u> et celle du jugement du Tribunal de Grande Instance de Paris en <u>Annexe C</u> à la présente.

5. Le jour même de la réception de l'acte de saisie susmentionné, 25 septembre 2003, ma collègue Madame Marie-Aude Regnault a remis à l'huissier mandaté par Kensington un courrier indiquant précisément (i) le solde des comptes ouverts par SNPC et la République du Congo dans les livres de BNPP, ainsi que (ii) la liste des saisies de toutes natures d'ores et déjà pratiquées entre les mains de BNPP à l'encontre de ces deux entités. Une copie de cette lettre figure en <u>Annexe D</u> à la présente.

6. Par lettre du 30 septembre 2003, Maître Paupert Lievin demanda un complément d'information à BNPP, s'agissant en particulier d'un nantissement de compte bancaire consenti par SNPC à BNPP en date du 14 octobre 1999. Il fût une nouvelle fois répondu à cette demande le jour même de sa réception par BNPP, soit le 30 septembre 2003, par un courrier donnant copie à l'huissier de Kensington de l'acte de nantissement demandé. Une copie de chacun de ces courriers figure en <u>Annexe E</u> à la présente.

7. Enfin, Jean-Marc Delleci et moi-même avons adressé, le 27 octobre 2003, une réponse complémentaire à l'huissier mandaté par Kensington, lui donnant des informations précises et circonstanciées sur l'objet de chacune de ses saisies et notamment sur les opérations



de crédit mises en place entre BNPP et SNPC (en particulier les Contrats de Prépaiement n°7 et n°8). Une copie de cette lettre, du 27 octobre 2003, figure en Annexe F à la présente. En guise de pièces justificatives des informations ainsi fournies, ce courrier contenait les annexes suivantes : (i) les Conditions Générales des Prépaiements d'Exportation de Pétrole et leurs avenants successifs, (ii) le Contrat de Prépaiement du 27 juin 2002 (dit Contrat de Prépaiement n°7), (iii) son avenant en date du 2 septembre 2002, (iv) la Lettre de Crédit (d'un montant de USD 70.000.000) émise le 5 juillet 2002, (v) l'Acte de Nantissement de la Lettre de Crédit en question, (vi) le Contrat de Prépaiement du 2 septembre 2002 (dit Contrat de Prépaiement n°8), (vii) le Contrat d'Option de Couverture de Pétrole du 9 septembre 2002, (viii) le Nantissement de l'Option, (ix) la Convention de Gage-Espèce du 2 septembre 2002 et (x) le Contrat de Nantissement du solde de compte SNPC en date du 14 octobre 1999.

A Paris le 23 Mars 2004

Jean-Marc Buisson

Me Claudine SAVARY
Notaire à PARIS, certifie
véritable la signature
apposée ci-contre
de M. Jean-Marc
Buisson

**EXHIBIT A**

Annexe A

Acte de saisie pratiqués par Maître Paupert Lievin

**COPIE**

N° Dossier:  J541210 T001                              W1

```
* * * * * * * * * *
*   PROCES VERBAL DE   *
*  SAISIE-ATTRIBUTION  *
* * * * * * * * * *
```

ENTRE LES MAINS D'UN ETABLISSEMENT HABILITE A TENIR
DES COMPTES DE DEPOT
- Article 56 du décret N° 92-755 du 31 Juillet 1992 -
- Article 44 de la loi N° 91-650 du 09 Juillet 1991 -

L'AN DEUX MILLE TROIS et le   **VINGT CINQ SEPTEMBRE**

à........**11** heures.**15**.......Minutes.

NOUS, SCP JOSETTE PAUPERT-LIEVIN & ANGELIQUE LIEVIN,
HUISSIERS DE JUSTICE ASSOCIES PRES LE TRIBUNAL DE GRANDE
INSTANCE DE PARIS à la résidence de PARIS 75010 -
155 BOULEVARD DE MAGENTA, SOUSSIGNEES, PAR :
( ) J. PAUPERT-LIEVIN          ( ) A. LIEVIN

AVERTIS PAR LE PRESENT ACTE :

           BANQUE NATIONALE DE
           PARIS
           34 AVENUE DE L'OPERA
           Esc C. 1er étage
           75002 PARIS
OÙ étant et parlant à comme ci-après;

A LA DEMANDE DE :
la Société KENSINGTON INTERNATIONAL LIMITED dont le siège
est situé à HSBC Financial Services ( Cayman ) Limited, PO
BOX 1109, Mary Street Grand Cayman ( Iles Cayman )
élisant domicile en mon étude.

Agissant en vertu d'un(e) :
Jugement rendu le 20 Décembre 2002 par la High Court Of
Justice de Londres Queen's Bench Division Commercial court
Section Commerciale par Mr Le Juge CRESWEL sous les
références Folio 2002 N° 1088
dans l'instance opposant KENSINGTON INTERNATIONAL LIMITED
à la REPUBLIQUE DU CONGO et ayant condamné cette dernière
au paiement de la somme de 56 911 991,47 USD
D'une Ordonnance rendue par Mme Marie Thérèse FEYDEAU
Premier Vice Président au Tribunal de Grande Instance de
PARIS en date du 13 mai 2003 - RG 03/ 01922 déclarant
éxecutoire en FRANCE le jugement précité

dont seul le dispositif aux termes de l'Art. 3 du Décret
N° 92-755 du 31 Juillet 1992 est porté à votre connaissance,

Que je procède à la SAISIE-ATTRIBUTION des sommes suivantes :

| | |
|---|---|
| Principal.....................: | 56.911.991,47 USD |
| (*) Intérêts échus au 24/09/2003....: | 3.467.733,37 USD |
| au taux de 8,000      l'an | |
| Provision pour intérêts à échoir: | 374.215,87 USD |
| | |
| Frais de procédure............: | 619,40 € |
| | |
| Coût provisoire des présentes...: | 83,43 € |
| (**) Dénonciation ..............: | 75,78 € |
| (**) Signification Certif. NC ......: | 66,21 € |
| (**) Main levée ................: | 52,81 € |
| Solde droit proportionnel......: | 239,57 € |

Dont vous êtes tenu personnellement envers :
       LA REPUBLIQUE DU CONGO
       Ancienne REPUBLIQUE POPULAIRE
       Au Ministère des Finances à
       BRAZZAVILLE ( CONGO )
       Et ses émanations, notamment la SOCIETE NATIONAL
       PETROLES DU CONGO - 43 Avenue de Friedland
       75008 PARIS et BP 188 BRAZZAVILLE
       Et toute personne ou entité juridique agissant
       pour le compte de la REPUBLIQUE DU CONGO ou de

       la STE NATIONALE DES PETROLES DU CONGO ou de leu
       émanations

Vous rappelant qu'aux termes de la Loi:
- L'acte de saisie emporte, à concurrence des sommes pour
lesquelles elle est pratiquée, attribution immédiate au pro-
fit du saisissant de la créance saisie disponible entre les
mains du tiers saisi ainsi que tous ses accessoires. Il rend
le tiers personnellement débiteur des causes de la saisie
dans la limite de son obligation.

- Le tiers saisi est tenu de déclarer au créancier l'étendue
de ses obligations à l'égard du débiteur ainsi que les
modalités qui pourraient les affecter et, s'il y a lieu, les
cessions de créances, délégations ou saisies antérieures.

- Le tiers saisi qui, sans motif légitime, ne fournit pas
les renseignements prévus est condamné, à la demande du cré-
ancier, à payer les sommes dues à ce dernier, sans préjudice
de son recours contre le débiteur. Il peut aussi être con-
damné à des dommages et intérêts en cas de négligence fauti-
ve ou de déclaration inexacte ou mensongère.

A peine d'irrecevabilité, la contestation est formée dans
le délai d'UN MOIS à compter de la dénonciation de la
saisie au débiteur.
Sous la même sanction, elle est dénoncée le même jour
par lettre recommandée avec demande d'avis de réception
à l'Huissier de Justice qui a procédé à la saisie.
( Art. 66 Du Décret du 31 Juillet 1992 modifié par
Décret du 18 Décembre 1996 ).
L'auteur de la contestation en informe le tiers saisi
par lettre simple. En cas de contestation tardive,
le débiteur conserve un recours, comme il est dit à
l'article 45 alinéa 3 de la Loi du 9 Juillet 1991.


## TRÈS IMPORTANT

1°) L'acte de saisie rend indisponible l'ensemble des comp-
tes du débiteur qui représentent des créances de sommes
d'argent.

2°) Vous êtes tenu de me fournir, SUR LE CHAMP, les rensei-
gnements prévus à l'article 44 de la Loi du 9 Juillet 1991,
et, à cette fin, me communiquer tous renseignements et
pièces justificatives relatifs à l'étendue de vos obliga-
tions envers le débiteur, et notamment la nature du ou des
comptes, ainsi que leur solde à ce jour. Ces renseignements
devant être mentionnés sur le présent acte.

3°) Si sont compris dans la saisie des comptes joints dont
les autres titulaires ne figurent pas sur la présent acte,
vous êtes tenu d'informer immédiatement ces personnes de la
saisie et du montant des sommes réclamées.

(*)   DÉTAIL DES TAUX D'INTERETS :

PRINCIPAL           56 911 991,47   8,000      du 20/12/02

(**)  DÉTAIL DES FRAIS DE PROCEDURE :

| DATE | NATURE | H.T. | DÉB. | TVA | TTC |
|------|--------|------|------|-----|-----|
| 160703 | SIGNIF. JUGT APPEL 1 MO8 | 44,09 | 18,55 | 8,64 | 71,28 |
| 160703 | SIGNIF. JUGT APPEL 1 MO8 | 44,09 | 18,55 | 8,64 | 71,28 |
| 100903 | CDT SAISIE VTE >535 EUR8 | 236,09 | 16,25 | 46,27 | 298,61 |
| 100903 | CDT SAISIE VTE >535 EUR8 | 36,09 | 16,25 | 7,07 | 59,41 |
| 120903 | CDT SAISIE VTE >535 EUR8 | 36,09 | 16,25 | 7,07 | 59,41 |
| 120903 | CDT SAISIE VTE >535 EUR8 | 36,09 | 16,25 | 7,07 | 59,41 |
| TOTAL | | 432,54 | 102,10 | 84,76 | 619,40 |

(***) ACTES A SIGNIFIER

```
      S O U S     T O U T E S     R E S E R V E S
      ART 6:D.FIXE  65,60 TAXE FORFAIT   9,15 ART18:TRANSP    5,69
      Total H.T.:   80,44 Total TVA :   13,97 Total T.T.C.  94,41
      (1) P.T.T.     0,50
Si (1) -->  Total H.T.:  80,94 Total TVA :   13,97 Total T.T.C.  94,91
```

**Josette PAUPERT LIEVIN**
**et Angélique LIEVIN**

HUISSIERS DE JUSTICE ASSOCIÉS

PRÉS LE TRIBUNAL de
GRANDE INSTANCE DE PARIS

**156, Bld. de Magenta**
**75010 PARIS**

COP N° 16-369-08 D PARIS
RIP 30041 0001 16369 08 D020 91

TÉL. 01 55 31 99 10
FAX. 01 55 31 99 15
E.mail : HDJLIEVIN@wanadoo.fr

**COPIE**

n° dossier: G541210 TFIN                    101551        W1

KENSINGTON
REPUBLIQUE DU CONG

O :

Cet acte a été remis par l'Huissier suivant les déclara-
tions faites dans les conditions indiquées ci-dessous :

REMIS à : BANQUE NATIONALE DE
PARIS
34 AVENUE DE L'OPERA
Esc C. 1er étage
75002 PARIS

à Me *REGNAULT Marie Audi*
*juriste*

QUI A DECLARE ETRE HABILITE A L'EFFET DE RECEVOIR
L'ACTE ET A ACCEPTE DE RECEVOIR L'ACTE

ET QUI M'A REPONDU *état des relevé*
*antérieurs et solde des comptes*
*de la République du Congo*
*et de la ... S N P C annexcse au*
*présent acte ... réponse complémentaire*
*vous sera adressé dans les meilleurs*
*délai.*

REQUIS DE SIGNER LA PRESENTE DECLARATION

S O U S   T O U T E S   R E S E R V E S

Total H.T.:                Total TVA :
(1) F.T.T.        0,50
Total H.T.:        50 Total TVA :
Si (1) -->

Josette PAUPERT-LIEVIN
Huissier ...
soussignée

**IMPORTANT**

*Tout règlement doit être*
*adressé avec les références*
*précises de l'étude.*

Référence indispensable
à rappeler pour correspondance
et règlement ou chèque
à l'ordre de la SCP
PAUPERT LIEVIN et LIEVIN

*ce que j'accepte*

TOTAL PAGE(S) 14





N° dossier:   J541210 SD01                                    W1

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
*                        SAISIE                         *
* DES DROITS D'ASSOCIES OU DE VALEURS MOBILIERES        *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```
     - Article 182 du décret n°92-755 du 31 Juillet 1992 -

L'AN DEUX MILLE TROIS
ET LE  **VINGT CINQ SEPTEMBRE**

à ....**11** heures **27** Minutes


       NOUS,SCP JOSETTE PAUPERT-LIEVIN & ANGELIQUE LIEVIN,
HUISSIERS DE JUSTICE ASSOCIES PRES LE TRIBUNAL DE GRANDE
INSTANCE DE PARIS à la résidence de PARIS 75010 -
156 BOULEVARD DE MAGENTA, SOUSSIGNEES, PAR :
    ( ) J. PAUPERT-LIEVIN          ( ) A. LIEVIN

     SIGNIFIE A:

KENSINGTON                BANQUE NATIONALE DE
REPUBLIQUE DU CONG        PARIS
O                         34 AVENUE DE L'OPERA
                          Esc C. 1er étage
                          75002 PARIS
Où étant et parlant à comme ci-après;


A LA DEMANDE DE:
la Société KENSINGTON INTERNATIONAL LIMITED dont le siège
est situé à HSBC Financial Services ( Cayman ) Limited, PO
BOX 1109, Mary Street Grand Cayman ( Iles Cayman )
Elisant domicile en l'étude

Agissant en vertu d'un(e) :
Jugement rendu le 20 Décembre 2002 par la High Court Of
Justice de Londres Queen's Bench Division Commercial court
Section Commerciale par Mr Le Juge CRESWEL sous les
références Folio 2002 N° 1088
dans l'instance opposant KENSINGTON INTERNATIONAL LIMITED
à la REPUBLIQUE DU CONGO et ayant condamné cette dernière
au paiement de la somme de 56 911 991,47 USD
D'une Ordonnance rendue par Mme Marie Thérèse FEYDEAU
Premier Vice Président au Tribunal de Grande Instance de
PARIS en date du 13 mai 2003 - RG 03/ 01922 déclarant
exécutoire en FRANCE le jugement précité

Que je mets, par le présent acte, sous main de justice les
droits d'associés ou les valeurs mobilières appartenant à
               LA REPUBLIQUE DU CONGO
               Ancienne REPUBLIQUE POPULAIRE
               Au Ministère des Finances à
               BRAZZAVILLE ( CONGO )

Et ses émanations, notamment la SOCIETE NATIONAL
PETROLES DU CONGO – 43 Avenue de Friedland
75008 PARIS et BP 188 BRAZZAVILLE
Et toute personne ou entité juridique agissant
pour le compte de la REPUBLIQUE DU CONGO ou de
la STE NATIONALE DES PETROLES DU CONGO ou de leu
émanations

ET CE POUR PAIEMENT DE LA SOMME DE :

| | | |
|---|---|---|
| Principal......................: | 56.911.991,47 USD | |
| (*) Intérêts échus au 24/09/2003....: | 3.467.733,37 USD | |
| au taux de 8,000    l'an | | |
| Provision pour intérêts à échoir: | 374.215,87 USD | |

| | |
|---|---|
| Frais de procédure..............: | 619,40 € |
| Coût provisoire des présentes...: | 83,43 € |
| (**) Dénonciation ...................: | 75,78 € |
| (**) Signification Certif. NC .......: | 66,21 € |
| (**) Main levée ....................: | 52,81 € |
| Solde droit proportionnel.......: | 239,57 € |

(** ) : ACTES A SIGNIFIER EVENTUELLEMENT

Je vous précise que la présente saisie rend indisponibles
les droits pécuniaires attachés à l'intégralité des parts ou
valeurs mobilières dont le débiteur est titulaire.

Je vous fais en outre SOMMATION d'avoir à me faire connaître
l'existence d'éventuels nantissements ou saisies antérieures

(*) DETAIL DES TAUX D'INTERETS :

PRINCIPAL          56 911 991,47    8,000       du 20/12/02

S O U S    T O U T E S    R E S E R V E S

```
          ART 6:D.FIXE  56,00 TAXE FORFAIT   9,15 ART18:TRANSP   5,69
          Total H.T.:   70,84 Total TVA :   12,09 Total T.T.C.  82,93
          (1) P.T.T.     0,50
Si (1) --> Total H.T.:   71,34 Total TVA :   12,09 Total T.T.C.  83,43
```

Setta PAUPERT LIEVIN
et Angélique LIEVIN

SSIERS DE JUSTICE ASSOCIÉS
PRÈS LE TRIBUNAL de
ANDE INSTANCE DE PARIS

158, Bld. de Magenta
75010 PARIS

CP N° 16-369-08 D PARIS
30041 0001 18369 08 D020 91

TÉL. 01 55 31 99.10
FAX. 01 55 31 99 15
ail : HDJLIEVIN@wanadoo.fr

**COPIE**

N° dossier: J541210 TFIN          101654     W1

KENSINGTON
REPUBLIQUE DU CONG
G

Cet acte a été remis par l'Huissier suivant les déclara-
tions faites dans les conditions indiquées ci-dessous :

REMIS à : BANQUE NATIONALE DE
          PARIS
          34 AVENUE DE L'OPERA
          Esc C. 1er étage
          75002 PARIS

à Mme REGNAULT Marie Aude
juriste

QUI A DECLARE ETRE HABILITE à L'EFFET DE RECEVOIR
L'ACTE ET A ACCEPTE DE RECEVOIR L'ACTE

ET QUI M'A REPONDU *la réponse vous*
*sera communiqué par courrier*

ACQUITE DE LA PRESENTE DOCUMENTATION

S O U S   T O U T E S   R E S E R V E S
Total H.T. :              Total TVA :
(1) P.T.T.      0,50
Si (1) -->   Total H.T.:    50 Total TVA :              50

Josette PAUPERT LIEVIN
Huissier de Justice Associée
soussignée

**IMPORTANT**

ut réglement doit être
ressé avec les références
écises de l'étude.

Référence indispensable
rappeler pour correspondance
et réglement par chèque
à l'ordre de la SCP
PAUPERT LIEVIN et LIEVIN

COPIE



N° dossier:  J541210 SF01                                          X1

```
* * * * * * * * * * * * * * * * *
*    PROCES-VERBAL DE SAISIE-VENTE    *
* DE BIENS PLACES DANS UN COFFRE-FORT *
* * * * * * * * * * * * * * * * *
```

– Article 266 du décret N°92-755 du 31 Juillet 1992 –

L'AN DEUX MILLE TROIS et le **VINGT CINQ SEPTEMBRE** *a 11 2 30*

NOUS, SCP JOSETTE PAUPERT-LIEVIN & ANGELIQUE LIEVIN,
HUISSIERS DE JUSTICE ASSOCIES PRES LE TRIBUNAL DE GRANDE
INSTANCE DE PARIS à la résidence de PARIS 75010 –
156 BOULEVARD DE MAGENTA, SOUSSIGNEES, PAR :
( ) J. PAUPERT-LIEVIN          ( ) A. LIEVIN

ORDONNE A :

KENSINGTON                    BANQUE NATIONALE DE
REPUBLIQUE DU CONG            PARIS
O                             34 AVENUE DE L'OPERA
                              Esc C. 1er étage
                              75002 PARIS
     Où étant et parlant à comme ci-après;

A LA DEMANDE DE :
la Société KENSINGTON INTERNATIONAL LIMITED dont le siège
est situé à HSBC Financial Services ( Cayman ) Limited, PO
BOX 1109, Mary Street Grand Cayman ( Iles Cayman )
Elisant domicile en mon Etude.

AGISSANT EN VERTU D'UN(E):
Jugement rendu le 20 Décembre 2002 par la High Court Of
Justice de Londres Queen's Bench Division Commercial court
Section Commerciale par Mr Le Juge CRESWEL sous les
références Folio 2002 N° 1088
dans l'instance opposant KENSINGTON INTERNATIONAL LIMITED
à la REPUBLIQUE DU CONGO et ayant condamné cette dernière
au paiement de la somme de 56 911 991,47 USD
D'une Ordonnance rendue par Mme Marie Thérèse FEYDEAU
Premier Vice Président au Tribunal de Grande Instance de
PARIS en date du 13 mai 2003 – RG 03/ 01922 déclarant
exécutoire en FRANCE le jugement précité

POUR PAIEMENT DE LA SOMME SUIVANTE :

Principal.......................:     56.911.991,47 USD

(*) Intérêts échus au 24/09/2003....:     3.467.733,37 USD
    au taux de 8,000    l'an
Provision pour intérêts à échoir:     374.215,87 USD

| | | |
|---|---|---|
| (**) Frais de procédure.............: | | 619,40 € |
| dont détail ci-après | | |
| Coût provisoire des présentes...: | | 94,91 € |
| Solde droit proportionnel.......: | | 239,57 € |
| (***) Dénonciation. à signifier | : | 82.38 € |
| (***) Main Levée à signifier ........: | | 52,81 €* |

***) = ACTES A SIGNIFIER EVENTUELLEMENT

Et conformément aux dispositions de l'article 266 du décret
N°92-755 du 31 Juillet 1992.
JE VOUS ORDONNE PAR LE PRESENT :
D'interdire, sauf en ma présence l'accès au coffre loué à
         LA REPUBLIQUE DU CONGO
         ancienne REPUBLIQUE POPULAIRE DU CONGO
         Au Ministère des Finances à
         BRAZZAVILLE ( CONGO )
         Et ses émanations, notamment la SOCIETE NATIONALE DES
         PETROLES DU CONGO
         43 Avenue de Friedland
         75008 PARIS et BP 188 BRAZZAVILLE ( CONGO )
         Et toute personne ou entité juridique agissant
         pour le compte de la REPUBLIQUE DU CONGO ou de
         la Sté NATIONALE DES PETROLES DU CONGO ou de leurs
         émanations

ET VOUS FAIS SOMMATION de me communiquer tous renseignements
concernant ce coffre, et notamment :
1°) Son numéro de compartiment et sa situation,
2°) La durée de la location et ses conditions,
3°) Les noms et adresses des co-titulaires du coffre.

( ) Et conformément aux dispositions de l'article 267 du
Décret N°92-755 du 31 Juillet 1992, j'ai apposé les scellés
sur le coffre.

Je vous rappelle que le présent vaut SAISIE des biens placés
dans le coffre.

(*) DETAIL DES TAUX D'INTERETS :

PRINCIPAL          52 623 201,00    8,000     du 20/12/02

| DATE   | NATURE                   | H.T.   | DEB.   | TVA   | TTC      |
|--------|--------------------------|--------|--------|-------|----------|
| 160703 | SIGNIF. JUGT APPEL 1 MO8 | 44,09  | 18,55  | 8,64  | 71,28    |
| 160703 | SIGNIF. JUGT APPEL 1 MO8 | 44,09  | 18,55  | 8,64  | 71,28    |
| 100903 | CDT SAISIE VTE >535 EUR8 | 236,09 | 16,25  | 46,27 | 298,61   |
| 100903 | CDT SAISIE VTE >535 EUR8 | 36,09  | 16,25  | 7,07  | 59,41    |
| 120903 | CDT SAISIE VTE >535 EUR8 | 36,09  | 16,25  | 7,07  | 59,41    |
| 120903 | CDT SAISIE VTE >535 EUR8 | 36,09  | 16,25  | 7,07  | 59,41    |
|        | TOTAL                    | 432,54 | 102,10 | 84,76 | 619,40 € |

```
                S O U S   T O U T E S   R É S E R V E S
               ART 6:D.FIXE  56,00 ART13:D.E.P. 200,00 TAXE FORFAIT   9,15
               ART18:TRANSP   5,69
               Total H.T.: 270,84 Total TVA :   51,29 Total T.T.C. 322,13
               (1) P.T.T.    0,50
  Si (1) -->   Total H.T.: 271,34 Total TVA :   51,29 Total T.T.C. 322,63
```

ette PAUPERT LIEVIN
t Angélique LIEVIN
SIERS DE JUSTICE ASSOCIÉS
PRÈS LE TRIBUNAL de
ANDE INSTANCE DE PARIS

156, Bld. de Magenta
75010 PARIS

CP N° 16-369-08 D PARIS
30041 0001 16369 08 D020 91

TÉL. 01 55 31 99 10
FAX. 01 55 31 99 15
ail : HDJLIEVIN@wanadoo.fr

**COPIE**

N° dossier:  J541210 TFIN                101653     W1

KENSINGTON
REPUBLIQUE DU CONG
O

Cet acte a été remis par l'Huissier suivant les déclara-
tions faites dans les conditions indiquées ci-dessous :

REMIS à : BANQUE NATIONALE DE
          PARIS
          34 AVENUE DE L'OPERA
          Esc C. 1er étage
          75002 PARIS

è : M^me REGNAULT Marie Aude

QUI A DECLARE ETRE HABILITE à L'EFFET DE RECEVOIR
L'ACTE ET A ACCEPTE DE RECEVOIR L'ACTE
ET QUI M'A REPONDU    réponse
vous seria adressée par
courrier



REQUIS ......................................

S O U S   T O U T E S   R É S E R V E S
Total H.T.:          Total TVA :            .T.C.
(1) P.T.T.     0.50
Si (1) --->  Total H.T.:    50 Total TVA :        .C.        50

IMPORTANT
ut règlement doit être
ressé avec les références
écises de l'étude.

Référence indispensable
rappeler pour correspondance
et règlement par chèque
à l'ordre de la SCP
PAUPERT LIEVIN et LIEVIN

Josette PAUPERT LIEVIN
Huissier de Justice Associé
soussignée

**EXHIBIT B**

<u>Annexe B</u>

Jugement de la *High Court of Justice* de Londres
en date du 20 décembre 2002

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT
THE HONOURABLE MR JUSTICE CRESWELL
THE 20TH DAY OF DECEMBER 2002
B E T W E E N :

Folio  2002 No. 1088



23 DEC 2002

KENSINGTON INTERNATIONAL LIMITED

Claimant

and

REPUBLIC OF THE CONGO
(formerly THE PEOPLE'S REPUBLIC OF THE
CONGO)

Defendant

---

### JUDGMENT

---

UPON the application of the Claimant by Application Notice dated 12 November 2002

AND UPON HEARING Counsel for the Claimant

AND UPON READING the evidence

IT IS ORDERED THAT:-

1.  The Defendant do pay the Claimant the sum of US$56,911,991.47 and interest
    pursuant to Section 35 of the Supreme Court Act 1981 at 8% per annum from the date
    of this Judgment.

2.  The Defendant do pay the Claimant's costs of this action including the costs of today
    referable to the money claim to be assessed.

DANS LA HAUTE COUR DE JUSTICE
SECTION QUEEN'S BENCH
TRIBUNAL DE COMMERCE
SON HONNEUR LE JUGE CRESWELL
LE 20 DECEMBRE 2002

Folio 2002 n° 1088

[Sceau de la Haute
Cour de Justice,
Registre Maritime et
Commercial ; date :
22 décembre 2002]

KENSINGTON INTERNATIONAL LIMITED

Demandeur

contre

REPUBLIQUE DU CONGO (l'ancienne REPUBLIQUE
POPULAIRE DU CONGO)

Défendeur

**ARRET**

SUR la requête de la Demanderesse sur Notification donnée le 12 novembre 2002

ET APRES AUDIENCE et plaidoirie de l'avocat de la Demanderesse

ET SUIVANT EXAMEN des pièces du dossier

IL EST DIT ET JUGE ce qui suit :

1.  La Défenderesse est condamnée à payer à la Demanderesse la somme de 56.911.991,47 de USD
    avec intérêts au taux de 8% par an à compter de la date du présent jugement, ainsi qu'il est prévu
    à l'article 35 de la *Supreme Court Act 1981*[1].

2.  La Demanderesse est condamnée aux entiers dépens de la présente procédure y compris ceux
    afférents à la procédure de ce jour à déterminer.

[1] Loi judiciaire de 1981 (NdT)

Je, soussigné,
Granville Wesley FIELDS
traducteur assermenté,
français/anglais, certifie
la traduction
qui précède
conforme à l'original
et à la photocopie ci-jointe
en langue anglaise

visée par moi-même *ne varietur*
sous le numéro 2003-466

Paris, le 5 mai 2003

Dispensé du timbre,
original non timbré,
si enregistré en France
(Loi du 15 mars 1963)

**EXHIBIT C**

Jugement du Tribunal de Grande Instance de Paris
en date du 13 mai 2003

TRIBUNAL DE GRANDE INSTANCE
DE PARIS

*RG 03/01822*

## ORDONNANCE

Marie-Thérèse FEYDEAU
*Premier Vice-Président*
*au Tribunal de Grande Instance de Paris*

Nous,                                    , Vice-Président, délégué
par le Président du Tribunal de Grande Instance de PARIS

Vu la requête qui précède et les motifs y énoncés,

Vu les pièces régulièrement produites,

Attendu que la procédure répond aux exigences visés par les articles 53 à 55
du règlement CE n° 44.2001 du Conseil du 22 décembre 2000;

## EN CONSÉQUENCE

Déclarons exécutoire en FRANCE le jugement, l'ordonnance, l'arrêt rendu (e)

le  *20 Décembre 2002*

par  *la High Court of Justice de Londres*
*queen's bench division*
*commercial court*

dans l'instance opposant :

*Kensington International Limited*   **COPIE CONFORME**

à  *la République du Congo*

RÉPUBLIQUE FRANÇAISE AU NOM DU PEUPLE FRANÇAIS

La République Française mande et ordonne à tous huissiers
de justice sur ce requis de mettre la présente ordonnance
à exécution, aux Procureurs Généraux et aux Procureurs
de la République près les Tribunaux de Grande Instance d'y
tenir la main. A tous Commandants et Officiers de la force
publique de prêter main forte lorsqu'ils en seront requis

Autorisons l'apposition de la formule exécutoire
sous réserve du recours susceptible à être formé
en application de l'article 43 du règlement précité.

Josette PAUPERT-LIEVIN
Huissier de Justice Associé
soussigné

PARIS, Le *16 mai 2003*

PARIS, le *13.05.03*

P/ Le greffier en chef

Le Président du Tribunal

**EXHIBIT D**

<u>Annexe D</u>

Lettre de BNPP à Maître Paupert Lievin
en date du 25 septembre 2003

10-03-2004   18:05   DE   BNP PARIBAS AJI ▲      A   00155041516      P.02/04

**BNP PARIBAS**

**AFFAIRES JURIDIQUES GROUPE**
*Affaires Litigieuses & Droit Social*
**Marie-Aude REGNAULT**
☎ : 01.42.98.38.25

Fax : 01.42.98.56.46

Paris, le 25 septembre 2003

Maître Paupert-Lievin
Huissier de Justice
156, bd de Magenta
75010 PARIS

Vos réf. : KENSINGTON INTERNATIONAL LIMITED / REPUBLIQUE DU CONGO



Cher Maître,

Nous faisons suite à la saisie attribution pratiquée entre nos mains par votre acte de ce jour, à la requête de la société KENSINGTON INTERNATIONAL LIMITED, et à l'encontre de la REPUBLIQUE DU CONGO (BRAZZAVILLE), de la Société Nationale des Pétroles du Congo et ainsi que émanations de la République du Congo et de la SNPC.

Nous vous précisons que nous ne pouvons vous répondre que concernant les débiteurs saisis clairement identifiés, à savoir les débiteurs susvisés.
Il ne nous appartient pas en notre qualité de tiers saisi de nous faire juge de la qualité d'émanation de la République du Congo ou de la SNPC.

Nous sommes d'ores et déjà en mesure de vous indiquer que :

➢ nous détenons sur nos livres un compte N° 43680R ouvert au nom de la Société Nationale des Pétroles du CONGO (SNPC), dont le solde est débiteur de 24,30 US Dollars. Nous vous précisons que ce compte est nanti en notre faveur en vertu d'un acte établi le 14/10/1999 et signifié le 27/10/1999 ;

➢ nous détenons sur nos livres un compte N° 03554116 ouvert à l'agence BNP PARIBAS Paris Place de Mexico, au nom de l'ambassade de la République Populaire du CONGO et présentant un solde débiteur de 129.876 euros.

Par ailleurs, nous vous communiquons ci-après l'état des saisies antérieures :

1- Concernant la SNPC :

➢ Le 24/10/2001, une saisie-attribution de FRF 103.700.756,56 (soit 15.809.076,42 euros) par Maître CRUSSARD ;

➢ Le 24/10/2001, une saisie-attribution de FRF 195.814.522,27 (soit 29.851.731,48 euros) par Maître CRUSSARD ;

BNP PARIBAS - S.A. au capital de 1 790 347 678 euros - Siège social ; 16, boulevard des Italiens, 75009 Paris

2

➤ Le 01/02/2002, une saisie-attribution de 389.386,65 euros par Maître BUNEL ;

➤ Le 23/05/2002, une saisie-attribution de 5.031.126,49 euros par Maître RICARD.

➤ Le 19/06/2002, une saisie-attribution de 15.809.078,42 euros par Maître CRUSSARD. Cette saisie a fait l'objet d'un certificat de non-contestation signifié à notre banque le 31 janvier 2003.

➤ Le 19/06/2002, une saisie-attribution de 29.851.731,48 euros par Maître CRUSSARD. Cette saisie a fait l'objet d'un certificat de non-contestation signifié à notre banque le 31 janvier 2003.

➤ Le 12/09/2002, une saisie-attribution de 29.851.731,48 euros par Maître CRUSSARD. Cette saisie a fait l'objet d'un certificat de non-contestation signifié à notre banque le 31 janvier 2003.

➤ Le 12/09/2002, une saisie-attribution de 15.809.078,42 euros par Maître CRUSSARD. Cette saisie a fait l'objet d'un certificat de non-contestation signifié à notre banque le 31 janvier 2003.

➤ Le 01/07/2003, une saisie-attribution de 5.588.570,90 euros par Maître RICARD.

➤ Le 03/07/2003, trois saisies conservatoires de 142.000.805,26 par Maître LE MAREC.

2-    Concernant la République du CONGO (BRAZZAVILLE)

Le 28/08/1995, une saisie-attribution de FRF 7.012.039,40 par Maître PEVERI MARIONNEAU qui a appréhendé des avoirs pour ce montant. Diverses procédures ont été engagées et il nous a été signifié le 20/10/1999 la grosse d'un arrêt de la Cour de Cassation du 22/06/1999 sur un pourvoi en cassation d'un arrêt de la cour d'Appel de PARIS du 10/05/1996, la grosse d'un arrêt de la Cour de Cassation du 22/06/1999 sur un pourvoi en cassation d'un arrêt de la Cour d'Appel de PARIS du 27/06/1996, un jugement rendu par le JEX du TGI de PARIS le 22/12/1995 ordonnant la mainlevée des saisies-attributions des 28/08/1995 et 22/09/1995. Le 06/01/2000, il nous a été notifié un acte de renonciation momentanée à l'acte de signification du 20/10/1999 ;

➤ Le 27/05/1997, une saisie conservatoire de USD 10.107.675,25 et USD 279.569,58 par la SCP NOQUET ;

➤ Le 13/02/1998, une saisie conservatoire de    FRF   25.717.641,48,   USD 17.548.323,84, GBP 10.777.616,47 et FCFA 725.200.452 par la SCP PERALDI et SEGUR ;

➤ Le 24/04/1998, une saisie conservatoire de FRF 26.560.842,84 USD, 18.123.678,72 GBP 11.130.983,01 et FCFA 748.977.516 par la SCP PERALDI et SEGUR ;

➤ Le 02/08/1999, une saisie-attribution de FRF 118.137,65 par Maître NAKACHE ;

➤ Le 24/07/2000, une saisie-attribution de FRF 128.482.125,50 par Maître AGNUS. Cette saisie a fait l'objet d'un certificat de non-contestation signifié à notre Banque le 27/10/2000 ;

3

> Le 28/11/2000, une saisie-attribution FRF 28.164.093,18 par Maître ALEVEQUE;

> Le 24/10/2001, une saisie-attribution de FRF 103.700.756,56 (soit 15.809.078,42 euros) par Maître CRUSSARD.

> Le 24/10/2001, une saisie-attribution de FRF 195.814.522,27 (soit 29.851.731,48 euros) par Maître CRUSSARD;

> Le 12/11/2001, une saisie-attribution de 4.771.991,27 euros par Maître RICARD;

> Le 01/02/2002, une saisie-attribution de 389.386,65 euros par M. BUNEL ;

> Le 23/05/2002, une saisie-attribution de 5.031.126,49 euros par Maître RICARD.

> Le 19/06/2002, une saisie-attribution de 15.809.078,42 euros par Maître CRUSSARD. Cette saisie a fait l'objet d'un certificat de non-contestation signifié à notre banque le 31 janvier 2003.

> Le 19/06/2002, une saisie-attribution de 29.851.731,48 euros par Maître CRUSSARD. Cette saisie a fait l'objet d'un certificat de non-contestation signifié à notre banque le 31 janvier 2003.

> Le 12/09/2002, une saisie-attribution de 29.851.731,48 euros par Maître CRUSSARD. Cette saisie a fait l'objet d'un certificat de non-contestation signifié à notre banque le 31 janvier 2003.

> Le 12/09/2002, une saisie-attribution de 15.809.078,42 euros par Maître CRUSSARD. Cette saisie a fait l'objet d'un certificat de non-contestation signifié à notre banque le 31 janvier 2003.

> Le 01/07/2003, une saisie-attribution de 5.586.570,90 euros par Maître RICARD.

> Le 03/07/2003, trois saisies conservatoires de 142.000.805,26 par Maître LE MAREC.

Compte-tenu de la nature des débiteurs saisis et en raison de la nature complexe des relations qui peuvent être entretenues, nous poursuivons nos recherches auprès des services de notre Banque pouvant être concernés.

Nous vous souhaitons bonne réception de ces informations.

Nous vous prions d'agréer, Cher Maître, l'expression de nos sincères salutations.

MARIE AUDE REGNAULT

**EXHIBIT E**

Annexe E

Lettre de Maître Paupert Lievin et réponse y afférente de BNPP
en date du 30 septembre 2003

TOTAL PAGE(S) 03

Le 30/09/2003

**SCP Josette PAUPERT-LIEVIN & Angélique LIEVIN**
*HUISSIERS DE JUSTICE ASSOCIES*
**156 Boulevard de MAGENTA  - 75010 PARIS**
Téléphone: 01.5531.9910          FAX: 01.5531.9915

RIP: 30041.0001.1626908D020.91
HDJLIEVIN@wanadoo.fr

BNP PARIBAS
- 1 OCT. 2003
COURRIER

BANQUE NATIONALE DE
PARIS
34 AVENUE DE L'OPERA
75002 PARIS
Affaires Litigieuses
& Droit Social
Madame Marie Aude REGNAULT

Fax 01 42 98 56 46

DJMB

REF. à rappeler :
KENSINGTON
REPUBLIQUE DU CONG
O
J54121  0

Dossier J 2001 7587

Madame,

J'accuse réception de votre courrier du 25 Septembre.

En suite de mes saisies pratiquées le 25 Septembre je vous
serai très obligée de me  communiquer copie de l'acte de
nantissement du 14  octobre 1999 sur le compte de la SNPC
ainsi que copie de sa signification du 27 Octobre 1999.

En outre je vous demande de me préciser si vous détenez des
comptes pour le compte des émanations telles que:
Ministères, Administrations de la République du Congo.

Je vous demande votre réponse par fax tournant.

Vos biens dévouées



**AFFAIRES JURIDIQUES**
*Affaires Litigieuses*
34 avenue de l'Opéra
75078 PARIS CEDEX 02
J.M. BUISSON  CAK03A1

Paris, le 30 septembre 2003

Maître Josette PAUPERT LIEVIN
Huissier de justice associé
156 boulevard de Magenta
75010 PARIS

☎ 01.42 96 60.44
Télécopie : 01.42 96 56 46

votre référence : J54121
KENSINGTON / REPUBLIQUE DU CONGO
Dossier : REPUBLIQUE DU CONGO / SNPC
J 2001 7567-MAR
*Références à rappeler dans toute correspondance*

Cher Maître,

Nous faisons suite à votre demande de ce jour et vous communiquons en annexe copie des actes de nantissement du compte SNPC en date du 14/10/1999 et de signification de nantissement du 27/10/1999 que nous vous avons déclaré le 25 septembre dernier.

Compte-tenu des informations que vous nous avez communiquées sur votre procès-verbal de saisie, nous n'avons pas identifié à ce jour de compte sur nos livres au nom d'un ministère de la République de CONGO.

Compte-tenu des relations complexes pouvant être entretenues s'agissant d'un Etat, nous poursuivons nos investigations.Nous vous communiquerons également prochainement une réponse complémentaire s'agissant de la SNPC.

Nous vous prions d'agréer, cher Maître, l'expression de nos salutations distinguées.

Jean-Marc DELLECI                                Jean-Marc BUISSON

**EXHIBIT F**

Annexe F

Lettre adressée par BNPP à Maître Paupert Lievin
en date du 27 octobre 2003

Paris, le 27 octobre 2003

**AFFAIRES JURIDIQUES GROUPE**
*Affaires Litigieuses*
Jean-Marc Buisson
☎ Téléphone : 01.42.98.00.44
▤ Télécopie : 01.42.98.56.46

Maître Josette PAUPERT LIEVIN
Huissier de justice associé
156 boulevard de Magenta
75010 PARIS

Votre réf. : J5421
Notre réf. : J 2001 7557 MAR

Objet : Kensington / République du Congo

Cher Maître,

Nous faisons suite à la saisie-attribution, à la saisie de valeurs mobilières et à la saisie de coffre-fort que vous nous avez signifiées le 25 septembre 2003 à la requête de la société Kensington et à l'encontre de la République du Congo Brazzaville et ses émanations et notamment de la Société Nationale du Pétrole du Congo (SNPC).

En complément à notre réponse apportée sur le champ et à notre première réponse complémentaire du 30 septembre 2003, nous vous indiquons que :

A – En ce qui concerne la saisie-attribution du 25 septembre 2003 :

1. A cette date, le compte n° 43880 R ouvert au nom de la SNPC présentait un solde débiteur de 24,30 USD.

2. Dans le cadre de la mise en place par BNP PARIBAS d'un contrat de prépaiement de pétrole brut entièrement décaissé le 2 juillet 2002 pour un montant de 70.000.000 USD, une lettre de crédit (n°LCIM 1005700), a été ouverte par BNP PARIBAS en faveur de la SNPC le 5 juillet 2002 pour un montant de 70.000.000 USD, pour le paiement de cargaisons de pétrole brut.

   Les créances de la SNPC au titre de la lettre de crédit ont été nanties en faveur de BNP PARIBAS au titre d'un acte de nantissement enregistré le 3 juillet 2002.

   Cette lettre de crédit stipule que son montant initial sera automatiquement augmenté du montant des intérêts et frais dus à BNP PARIBAS par la SNPC aux termes du contrat de prépaiement précité.

   Par ailleurs, il est précisé dans cette lettre de crédit que toutes les sommes à payer par BNP PARIBAS dans la cadre de la lettre de crédit seront affectées exclusivement au remboursement des sommes dues par la SNPC à BNP PARIBAS au titre du contrat de prépaiement (intérêts, commissions, frais), et qu'aucun paiement en espèces ne sera effectué en faveur de la SNPC sous la lettre de crédit.

Enfin, le contrat de prépaiement prévoit la compensation entre les sommes dues par la SNPC au titre de ce contrat et les sommes que BNP PARIBAS détiendrait pour le compte de la SNPC ou qu'elle lui devrait au titre de la lettre de crédit.

A la date du 25 septembre 2003, le solde de la lettre de crédit n° LCIM 1005700 est de 28.985.911,68 USD, égal au solde du prépaiement ci-dessus décrit.

3. Dans le cadre du contrat de prépaiement de 70.000.000 USD et d'un autre contrat de prépaiement de 80.000.000 USD entièrement décaissé le 10 septembre 2002, un contrat d'option de couverture de pétrole a été conclu avec la SNPC le 9 septembre 2002. L'encours du prépaiement de 80.000.000 USD est de 80.000.000 USD au jour de la saisie.

Comme le prévoit le contrat d'option, dans l'hypothèse où des sommes reviendraient à la SNPC au titre de l'exercice de l'option, ces sommes seraient affectées au remboursement des sommes dues par la SNPC à BNP Paribas au titre du contrat d'option lui-même, et au titre des contrats de prépaiement précités ainsi qu'au titre de tout contrat de prépaiement passé, présent ou futur. Il est prévu que les créances réciproques soient automatiquement compensées, suivant les dispositions de la clause de compensation contractuelle. A la date de la saisie, aucune créance n'était susceptible de revenir à la SNPC au titre de l'exercice de l'option.

De plus, toutes les créances futures susceptibles de revenir à la SNPC ont fait l'objet d'un nantissement au profit de notre établissement. Cet acte de nantissement a été enregistré le 9 septembre 2002.

4. Enfin, la SNPC a consenti un gage-espèces signé le 2 septembre 2002, en garantie de la bonne exécution des engagements de la SNPC au regard des prépaiements précités et du contrat d'option. A la date de la saisie, le solde du gage-espèces était de 3.000.000 USD.

**B – En ce qui concerne la saisie de biens placés dans un coffre-fort du 25 septembre 2003:**

A notre connaissance, à cette date, nous ne louons pas de coffre-fort aux entités visées par votre acte.

**C – En ce qui concerne la saisie des droits d'associés ou de valeurs mobilières du 25 septembre 2003:**

A notre connaissance, à cette date, nous ne détenons aucun titre ou valeur mobilière pour le compte des entités visées par votre acte.

En conséquence, notre banque n'avait aucune obligation à l'égard des débiteurs saisis dont le montant pouvait être appréhendé par les saisies précitées.

Nous vous souhaitons bonne réception de ces informations et vous communiquons en annexe copie des pièces justificatives de notre déclaration à savoir :

- conditions générales et avenants des prépaiements d'exportations de pétrole.

- contrat de prépaiement de USD 70.000.000 du 27/06/2002, avenant du 02/09/2002, lettre de crédit de USD 70.000.000 du 05/07/2002 et nantissement de la lettre de crédit.

- contrat de prépaiement de USD 80.000.000 du 02/09/2002, contrat d'option de couverture de pétrole du 09/09/2002, nantissement de l'option et convention de gage-espèce du 02/09/2002

- nantissement de solde de compte SNPC

Nous vous remercions de veiller à ce que ces informations communiquées restent confidentielles et de rappeler à votre client le devoir de discrétion qui lui incombe.

Nous vous prions d'agréer, Cher Maître, l'expression de nos très sincères salutations.

Jean-Marc DELLECI                     Jean-Marc BUISSON