TRANSLATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
KENSINGTON INTERNATIONAL, LIMITED,      :
                                        :    ECF CASE
              Plaintiff,                :
                                        :
       -against-                        :    05 CV 5101 (LAP)
                                        :
SOCIETE NATIONALE DES PETROLES DU       :
CONGO, BRUNO JEAN-RICHARD ITOUA,        :
BNP PARIBAS S.A.,                       :
              Defendant.                :
                                        :
----------------------------------------x

## DECLARATION OF BRUNO JEAN-RICHARD ITOUA

Pursuant to 28 U.S.C. §1746, Bruno Jean-Richard Itoua hereby declares the following:

### Personal Information

1. My name is Bruno Jean-Richard Itoua and I am a citizen of the Republic of the Congo (« Congo »). My native language is French. I do not speak English fluently and I would need simultaneous interpreting services in the case that the complaint against me by Kensington would be heard in English before this Court. I compose this declaration in French and I am aware of the fact that my attorney will translate it into English for the purpose of presenting it to this Court.

2. I make this declaration in support of the motion to dismiss the plaintiff's suit in these proceedings ; it is filed on my behalf by my lawyers in the United States of America. Apart from the declarations which are stated to be made upon information and belief, all the declarations in this document are based on my personal knowledge, my review of relevant

NY #681396 v2

<u>TRANSLATION</u>

documents, and on my reasonable inquiries.

3. I live at 44 Ravin de la Mission, Brazzaville.

## My Positions in the Congolese Government

4. I am currently the Minister for the Energy and Hydraulics of Congo. I was appointed by decree n° 2005-02 of January 7, 2005 (Exhibit A), and I assumed my functions on January 10, 2005. My business address is at the Ministry for Energy and Hydraulics, P.O. Box 2120, Brazzaville, Republic of the Congo.

5. Before becoming Minister for Energy and Hydraulics on January 7, 2005 I held the position of Chairman and Managing Director of Société Nationale des Pétroles du Congo (« SNPC »). I was appointed by decree n° 98-472 dated December 31, 1998 and I left my functions on January 21, 2005 (Exhibit B). My successor to the position as Chairman and Managing Director of SNPC was appointed by decree n° 2005-04 dated January 18, 2005 and took over his functions on January 21, 2005. Copies of decrees n° 98-472 and 2005-04 are attached hereto as Exhibits C and D.

6. SNPC is a company of the state founded by the statute n° 1-98 dated April 23, 1998 establishing the Société Nationale des Pétroles du Congo, whose registered office is located at 146 Avenue Charles de Gaulle, Brazzaville, Republic of the Congo. A copy of the statute is attached as Exhibit E. The entirety of the shares of SNPC is held by the Republic of the Congo (see article 2 of the statute). The bylaws of SNPC were approved by decree n° 98-454 dated December 8, 1998 taken in the Council of Ministers. Copies of the decree n° 98-454 and of the bylaws are attached as Exhibits F and G. The mission of the SNPC is such as described in article 4 of the above mentioned statute and article 2 of the bylaws.

<u>TRANSLATION</u>

7. In my capacity as representative of the President of the Republic of the Congo, I held the positions of Chairman and Managing Director of SNPC. As Managing Director of SNPC, I held the functions and the capacities which are conferred to any person occupying this position and which are described in articles 17 and 18 of the bylaws. Regarding the subscription to loans, and the Pre-Payment-Agreements in particular, the object of the complaint, I point out that these agreements, by virtue of their importance, pursuant to articles 10, 15 and 16 of the bylaws, could be signed only if the board had given a power of attorney authorizing the President to execute such agreements or after prior agreement or ratification by the Board of Directors of SNPC. Furthermore, decisions of the Board relating to the subscription of loans were subject to the approval of the Council of Ministers, and the loan agreements had to be delivered to the lenders with a favorable advisory opinion of the Supreme Court. A sample of such type of documents relating to the execution of a loan agreement for an amount of US$ 200 million and dated June 29, 2000 is attached hereto as Exhibits H and I.

8. I do not hold and have never held any shares of SNPC and do not have and never had a financial interest in SNPC.

### Absence of contacts with the United States of America regarding the Court's Jurisdiction

9. I have never owned or rented real estate in the United States.

10. I have never had a bank account or investment account or any other financial account in the United States.

11. I have never occupied an office or place of business in the United States, personally or on behalf of SNPC.

12. I have never maintained a postal address or telephone number in the United States, personally or on behalf of SNPC.

NY #681396 v2

<u>TRANSLATION</u>

13. I never took any actions in the United States nor participated in negotiations in the United States, personally or on behalf of SNPC, concerning any of the business transactions alleged as predicate acts in the Redacted Complaint.

14. I have never traveled to the United States for purposes relating to any of the transactions alleged in the Complaint.

15. Before the filing of the Complaint, I never communicated with anyone in the United States regarding any transaction alleged in the Complaint.

16. I never entered into any contract with any person or entity in the United States relating to any transaction alleged in the Complaint, personally or on behalf of SNPC.

17. Since 1998, I have made approximately ten trips to the United States of America both on behalf of SNPC and in my other capacities, as Advisor to the President of the Republic for Hydrocarbons and Energy, a position to which I was appointed on January 22, 1998 by decree n° 1998-26 and as Advisor to the President of the Republic of Congo for Hydrocarbons, Mines and Energy, a position to which I was appointed on February 28, 2000 by decree n° 2000-12 and that I occupied until my appointment as Minister for the Energy and Hydraulics of Congo. Copies of the decisions appointing me to the position of the Advisor to the President of the Republic are attached hereto as Exhibit J.

18. Before the end of year 2002 or the beginning of year 2003, i.e. the period of time during which a judgment by default has been rendered against the Republic of Congo, thus following Kensington's complaint and its demand for an exequatur proceeding in France, I did not know Plaintiff Kensington International Limited (« Kensington »). Furthermore, I have never entered into any kind of transaction with Kensington or any of its affiliates, on behalf of SNPC or otherwise.

NY #681396 v2

<u>TRANSLATION</u>

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

Signed October 5, 2005.

Bruno Jean-Richard Itoua



**TRANSPERFECT**
TRANSLATIONS

City of New York, State of New York, County of New York

I, Leah Hershberger, hereby certify that the following is, to the best of my knowledge and belief, a true and accurate translation of the attached Declaration of Bruno Jean-Richard Itoua from French into English.

_____
Signature

Sworn to before me this
10th of October, 2005.

_____
Signature, Notary Public

PAUL D. RALSTON
Notary Public, State of New York
No. 01RA6023867
Qualified in Queens County
Commission Expires May 3, 2009

_____
Stamp, Notary Public

ATLANTA
BOSTON
BRUSSELS
CHICAGO
DALLAS
DENVER
FRANKFURT
GENEVA
HONG KONG
HOUSTON
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MUNICH
NEW YORK
PARIS
PHILADELPHIA
RESEARCH TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
WASHINGTON, DC

**ORIGINAL**

```
TRIBUNAL FEDERAL DE PREMIERE INSTANCE DES ETATS-UNIS
DISTRICT SUD DE NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                              :
KENSINGTON INTERNATIONAL, LIMITED,            :
                                              :
                     Partie demanderesse,     :
                                              :
           -contre-                           :     05 CV 5101 (LAP)
                                              :
SOCIETE NATIONALE DES PETROLES DU             :
CONGO, BRUNO JEAN-RICHARD ITOUA,              :
BNP PARIBAS S.A.,                             :
                     Partie défenderesse.     :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

### DÉCLARATION DE BRUNO JEAN-RICHARD ITOUA

Conformément à la règle 28 U.S.C. §1746, Bruno Jean-Richard Itoua a déclaré ce qui suit :

### Informations Personnelles

1. Je me nomme Bruno Jean-Richard Itoua et je suis citoyen de la République du Congo (« Congo »). Ma langue maternelle est le français. Je ne parle pas couramment l'anglais et j'aurais besoin des services d'une traduction simultanée dans l'éventualité où la plainte déposée à mon encontre par Kensington serait entendue en anglais devant ce tribunal. Je rédige la présente déclaration en français et suis conscient du fait que mon avocat la fera traduire en anglais aux fins de présentation à ce tribunal.

2. Je fais la présente déclaration au soutien de la requête visant à faire débouter le demandeur de sa plainte dans le cadre de cette procédure ; elle est déposée en mon nom par mes avocats aux États-Unis. En dehors des déclarations qui sont fondées sur des informations qui m'ont été fournies et de celles qui sont fondées sur l'opinion que j'ai pu me

-1-                                                                    NY #678357 v8

faire de certains faits, toutes les déclarations dans le présent document sont basées sur la connaissance personnelle que j'ai de ces faits, la revue de certains documents et les recherches raisonnables que j'ai pu effectuer.

    3.    Je réside au 44 Ravin de la Mission, Brazzaville, République du Congo.

### Mes fonctions dans le gouvernement Congolais

    4.    Je suis actuellement le Ministre de l'Energie et de l'Hydraulique du Congo. J'ai été nommé par décret n° 2005-02 du 7 janvier 2005 (Annexe A), et j'ai pris mes fonctions le 10 janvier 2005. Mon adresse professionnelle est au Ministère de l'Energie et de l'Hydraulique, BP 2120, Brazzaville, République du Congo.

    5.    Avant de devenir Ministre de l'Energie et de l'Hydraulique à la date du 7 janvier 2005, j'ai occupé les fonctions de président directeur général de la Société Nationale des Pétroles du Congo (« SNPC »). J'ai été nommé par décret n° 98-472 du 31 décembre 1998 et j'ai quitté mes fonctions le 21 janvier 2005 (Annexe B). Mon successeur au poste de président directeur général de la SNPC a été nommé par décret n° 2005-04 du 18 janvier 2005 et a pris ses fonctions le 21 janvier 2005. Copies des décrets n° 98-472 et 2005-04 sont jointes en Annexe C et D.

    6.    La SNPC est une société d'état fondée par la loi n° 1-98 du 23 avril 1998, portant création de la Société Nationale des Pétroles du Congo, et dont le siège social est sis 146 Avenue Charles de Gaulle, Brazzaville, République du Congo. Une copie de la loi est jointe en Annexe E. L'intégralité des actions est détenue par la République du Congo (<u>voir</u>, article 2 de la loi). Les statuts de la SNPC ont été approuvés par décret n° 98-454 du 8 décembre 1998 pris en conseil des ministres. Copies du décret n° 98-454 et des statuts sont jointes en Annexe F et G. La mission de la SNPC est telle que décrite à l'article 4 de la loi susvisée et à l'article 2 des

statuts.

7. En ma qualité de représentant du Président de la République, j'assumais les fonctions de président du Conseil d'Administration de la SNPC et de directeur général (<u>voir</u>, article 8 des statuts). En ma qualité de directeur général de la SNPC, j'ai assumé les fonctions et les pouvoirs qui sont conférés à toute personne occupant ce poste et qui sont décrits aux articles 17 et 18 des statuts. S'agissant de la souscription d'emprunts, et plus particulièrement des Pre-Payment Agreements, objet de la plainte, je rappelle que ces accords, par raison de leur importance, ne pouvaient être signés, en application des articles 10,15 et 16 des statuts, que sur délégation de pouvoirs du conseil d'administration au président, ou après accord préalable du conseil d'administration ou ratification par celui-ci. Les délibérations du conseil d'administration relatives à la souscription d'emprunts faisaient de plus l'objet d'une approbation par le Conseil des Ministres, et les contrats de prêt étaient accompagnés d'une opinion juridique délivrée par la Cour Suprême et remise aux prêteurs. Un exemple de ces documents relatif à la conclusion d'un prêt de 200 millions de dollars US en date du 29 juin 2000 est joint en Annexes H et I.

8. Je ne détiens pas ni n'ai jamais détenu d'actions de la SNPC et n'ai pas ni n'ai jamais eu d'intérêt financier dans la SNPC.

<u>**Absence de relations avec les Etats-Unis s'agissant de la compétence du tribunal**</u>

9. Je n'ai jamais détenu ou eu en location de biens immobiliers aux Etats-Unis.

10. Je n'ai jamais eu de compte bancaire, ni de compte d'investissement ou autre compte financier aux Etats-Unis.

11. Je n'ai jamais occupé un bureau ou un local professionnel aux Etats-Unis,

que ce soit à mon propre compte ou à celui de la SNPC.

12. Je n'ai jamais possédé une adresse postale ou un numéro de téléphone aux Etats-Unis, que ce soit à mon propre compte ou à celui de la SNPC.

13. Je n'ai jamais pris part à aucune action aux Etats-Unis ni participé à des négociations aux Etats-Unis, personnellement ou pour le compte de la SNPC, concernant l'une quelconque des transactions commerciales dont il est allégué qu'elles constituent des délits dans la Plainte Expurgée.

14. Je n'ai jamais visité les Etats-Unis en rapport avec l'une quelconque des transactions alléguées dans la plainte.

15. Avant le dépôt de la plainte, je n'ai jamais communiqué avec qui que ce soit aux Etats-Unis concernant l'une quelconque des transactions alléguées dans la plainte.

16. Je n'ai jamais conclu d'accord avec une personne morale ou physique aux Etats-Unis concernant l'une quelconque des transactions alléguées dans la plainte.

17. Depuis 1998, j'ai effectué une dizaine de voyages aux Etats-Unis à la fois pour le compte de la SNPC et en ma qualité de conseiller du Président de la République à l'Energie et aux Hydrocarbures, poste auquel j'ai été nommé par décret n° 1998-26 du 22 janvier 1998, puis de conseiller du Président de la République aux Mines, à l'Energie et à l'Hydraulique, poste auquel j'ai été nommé par décret n° 2000-12 du 28 février 2000, et que j'ai occupé jusqu'à ma nomination aux fonctions de Ministre de l'Energie et de l'Hydraulique. Copies des décisions portant sur ma nomination en tant que conseiller du Président de la République sont jointes en Annexe J.

18. Avant la fin de l'année 2002 ou le début de l'année 2003, période au cours de laquelle un jugement par défaut a été prononcé à l'encontre de la République du Congo à la

demande de Kensington et les demandes d'exequatur en France formulées par celle-ci, je ne connaissais pas la partie demanderesse Kensington International Limited (« Kensington »). Je n'ai par ailleurs jamais pris part à une quelconque transaction avec Kensington ou l'une de ses filiales au nom de la SNPC ou à d'autre titre.

Je déclare, sous peine de parjure conformément aux lois des États-Unis d'Amérique, que ce qui précède est véridique et exact.

Signé le 5 octobre 2005.

Bruno Jean-Richard Itoua